SUMMARY ORDER
Defendant-appellant Jimmy Alejo appeals from a November 7, 2008 Decision and Order of the United States District Court for the Northern District of New York, denying defendant’s motion, made pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence. Alejo had pled guilty to conspiracy to distribute more than 50 grams of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846. The District Court determined that Alejo’s Guidelines range for a term of imprisonment was 121 to 151 months. The District Court sentenced Alejo principally to a term of imprisonment of 151 months. We assume the parties’ familiarity with the *762 underlying facts, the procedural history, and the issues on appeal
Effective November 1, 2007, the United States Sentencing Commission lowered the base offense level for crack cocaine offenses. See Amendments to the Sentencing Guidelines for the United States Courts, 72 Fed.Reg. 28,571-28,572 (2007). On December 11, 2007, the Commission voted to apply this amendment retroactively, which meant that defendants sentenced under the former crack cocaine Guidelines would be eligible for a sentence reduction. U.S.S.G. Supp. To App. C, Amend. 706, 713; United States v. Jones, 531 F.3d 163, 179 (2d Cir.2008); United States v. Regalado, 518 F.3d 143, 150 (2d Cir.2008); see also U.S.S.G. § 1B1.10 (policy statement discussing the application of, inter alia, amendment 706, as modified by amendment 711, to proceedings conducted pursuant to 18 U.S.C. § 3582(c)(2)). See generally U.S.S.G. § 2D1.1 (revised drug quantity tables, effective November 1, 2007).
In the District Court, Alejo moved pro se for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), on the basis that Amendment 706 generally reduced the corresponding base offense levels for crack cocaine by two levels. That motion was denied by the District Court, and Alejo timely appealed to this Court.
Alejo contends on appeal that the denial of his motion requesting a sentence reduction under section 3582(e)(2) was an abuse of discretion (1) because each of the asserted reasons to deny relief was already considered and factored into the court’s original sentence — with the exception of the unwarranted disparity in sentences between crimes involving powder and crack cocaine, as recognized by the Supreme Court in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and addressed by Amendment 706 — and (2) because the court did not exercise lenity, as evidenced by Alejo being sentenced at the .very top of the applicable Guidelines range.
We review a “district court’s decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion.” United States v. Borden, 564 F.3d 100, 104 (2d Cir.2009) (joining sister circuits in adopting the abuse-of-discretion standard of review for this Court’s review of motions made pursuant to section 3582(c)(2)).
Section 3582(c)(2) states that a court “may reduce the term of imprisonment” based on a sentencing range that has subsequently been lowered but only “after considering the factors set forth in § 3553(a)” and determining whether such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Reduction is thus entirely discretionary, and the court has substantial latitude in determining whether a reduction is warranted. This discretion, however, is not unlimited. It must be exercised in light of U.S.S.G. § 1B1.10, which implements the authority provided by § 3582 to reduce a sentence. Section 1B1.10 directs a sentencing judge to “determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced” and to assess the request for a sentence reduction accordingly. U.S.S.G. § lB1.10(b)(l).
Here, the District Court’s decision fully complied with the requirements of both § 3582 and § 1B1.10, and took into consideration the factors set forth in 18 U.S.C. § 3553(a), see United States v. Regalado, 518 F.3d 143, 151 (2d Cir.2008). Although the court stated that “it appears that [Ale-jo] is eligible for a sentence reduction,” the court adhered to its reasons given for the imposition of the original sentence. The *763 court concluded, as it did at the original sentencing, that Alejo was afforded lenity despite being sentenced at the top of the Guidelines range. This finding was based upon the court’s previous rejection of a recommendation by the Probation Department to increase Alejo’s offense level by 2 for possession of a firearm, “notwithstanding evidence concerning the presence of a firearm” and evidence that Alejo continued to engage in drug trafficking after having entered into his guilty plea and cooperation agreement. Citing to the seriousness of the offense and Alejo’s “post-offense conduct,” as well as the factors set forth in section 3553(a), the court determined that no reduction in sentence was warranted.
Moreover, as to the issue of crack-cocaine disparity, the court stated, “[t]o the extent that [Alejo] is raising the policy concerns identified in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the [cjourt finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate and that no adjustment is warranted in this case.”
We conclude that the District Court calculated the Guidelines as required by § 1B1.10, articulated its reasons for denying Alejo’s motion made pursuant to § 3582, and adequately considered the § 3553(a) factors and explained the court’s basis for adhering to the original sentence imposed. The District Court did not abuse its discretion in declining to resen-tence Alejo and deny his section 3582(e)(2) motion.
Accordingly, we AFFIRM the judgment of conviction and sentence of the District Court.