08-5973-cr
United States v. Thomas

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fourteenth day of January, two thousand and ten.**

PRESENT:

    AMALYA L. KEARSE,
    JOSÉ A. CABRANES,
          *Circuit Judges*,
    RICHARD K. EATON,
          *Judge.*[*]

-------------------------------------------x

UNITED STATES OF AMERICA,

    *Appellee*,

    -v.-                                 No. 08-5973-cr

RAMSE THOMAS,

    *Defendant-Appellant.*

-------------------------------------------x

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLANT:                    TINA SCHNEIDER, Portland, ME.

FOR APPELLEE:                               PAUL D. SILVER, Assistant United
                                            States Attorney (Andrew T.
                                            Baxter, United States Attorney for
                                            the Northern District of New
                                            York, *on the brief*) Office of the
                                            United States Attorney for the
                                            Northern District of New York,
                                            Albany, NY.

Appeal from a November 7, 2008 order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Defendant-appellant Ramse Thomas ("defendant") was convicted on February 27, 1995, after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846, and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1). In 1995, defendant was sentenced principally to 292 months' imprisonment. Following the reversal of his conviction on appeal, *see United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997), Thomas was tried a second time and convicted only of the conspiracy charge and was again sentenced, on or about January 15, 1998, principally to 292 months' imprisonment. After the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we vacated defendant's sentence and remanded the cause to the District Court for sentencing "to a term of imprisonment not to exceed twenty years." *United States v. Thomas*, 274 F.3d 655, 673 (2d Cir. 2001) (en banc). The District Court sentenced defendant to 240 months' imprisonment. In March 2008, following the amendments to the crack cocaine guidelines, *see* U.S.S.G. App. C, Amends. 706 & 713, defendant moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce his term of imprisonment based on the amendments. The District Court denied defendant's motion on November 7, 2008 and defendant now appeals from that denial. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

Defendant argues that (1) the District Court abused its discretion in denying his motion for a sentence reduction based on the crack cocaine guideline amendments, and (2) that the District Court has discretion to reduce defendant's sentence below the newly applicable guideline range when resentencing defendant pursuant to *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *United States v. Booker*, 543 U.S. 220 (2005), and should have exercised that discretion in resentencing him.

We review a district court's denial of a motion to reduce a sentence for "abuse of discretion." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that

2

defendant's term of imprisonment. In evaluating whether to exercise its discretion, a district court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In deciding whether to modify a defendant's sentence, district courts must consider the factors set forth in 18 U.S.C. § 3553(a) anew and in light of *Gall* and *Kimbrough*, as well as any relevant Sentencing Commission policy statements. *See United States v. Regalado*, 518 F.3d 143, 151 (2d Cir. 2008).

In resentencing defendant, the District Court calculated defendant's amended guideline range. The District Court particularly noted that, "[c]onsidering the factors set forth in 18 U.S.C. § 3553(a), including the serious nature and circumstances of the offense, the need to promote respect for the law, to provide a just punishment and adequate deterrence, and to protect the public from further crimes of the defendant, the Court finds that a sentence of 240 months' incarceration is the appropriate sentence." App'x 16. Upon a review of the record, we cannot say that the District Court erred, much less abused its discretion, in denying defendant's motion to reduce his term of imprisonment.

Defendant also argues that the District Court had—and should have exercised—its discretion to sentence him below the amended guideline range (235-240 months) resulting from the crack cocaine guideline amendments, *see* U.S.S.G. App. C, Amends. 706 & 713. Because the District Court did not "abuse its discretion" in determining that no sentence reduction was appropriate, arguments as to the extent to which the District Court could have reduced defendant's sentence are moot.

## CONCLUSION

We have considered all of defendant's arguments on appeal and have found them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3