08-0852-cr
United States of America v. Hunter

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
          RICHARD C. WESLEY,
          DENNY CHIN,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

          <u>Appellee</u>,

          -v.-                          08-0852-cr

TYRONE HUNTER, also known as T-Black,

          <u>Defendant-Appellant</u>,

ADRIAN PAYNE, also known as A,

          <u>Defendant</u>.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Julia Pamela Heit, New York, NY.

**APPEARING FOR APPELLEE:** Ali Kazemi, Assistant United States Attorney (David C. James, Assistant United States Attorney, <u>on the brief</u>), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Tyrone Hunter appeals from a judgment of the United States District Court for the Eastern District of New York (Gleeson, <u>J.</u>), convicting him of murder in aid of racketeering and sentencing him to life imprisonment. This judgment followed a jury trial and the partial grant of Hunter's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), and, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review the denial of a Rule 29 motion <u>de novo</u>, viewing the evidence in the light most favorable to the government." <u>United States v. Pizzonia</u>, 577 F.3d 455, 462 (2d Cir. 2009). "We review challenges to a district court's denial of a Rule 33 motion for an abuse of discretion and accept the district court's factual findings unless they are clearly erroneous." <u>United States v. McCourty</u>, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted).

Hunter presents five principal arguments challenging his conviction for the murder of Eric Clemons in aid of racketeering, charged as Count Four in the operative indictment.

[1] Hunter seeks vacatur of his Count Four conviction and remand for a new trial based on the district court's vacatur of the Count One conviction (and the corresponding

vacatur of Racketeering Act 7(b)) for failure to instruct the jury on withdrawal. The issue of withdrawal, however, has no bearing on the jury's findings in the context of Count One that there was an enterprise, that engaged in racketeering activity, and in which Hunter held a position and the jury's additional finding in the context of Racketeering Act 7(b) that Hunter murdered (or aided and abetted the murder of) Clemons. These findings would not be impaired by a finding that Hunter later withdrew from the conspiracy, as he claims. The statute of limitations issues that drove the partial grant of Hunter's Rule 33 motion do nothing to undermine those findings and therefore have no impact on the role played by those findings in the Count Four conviction.

[2] Hunter seeks reversal of the Count Four conviction and dismissal of that portion of the indictment based on the ground of insufficiency. Specifically, Hunter contends that the evidence was insufficient to establish that his motive for the Clemons murder was to maintain or increase his position in the enterprise--the VICAR motive--rather than to punish Clemons for engaging in a sexual relationship with Charles Thomas's partner. "[W]e review a claim of insufficient evidence de novo." United States v. Oluwanisola, 605 F.3d 124, 134 (2d Cir. 2010) (internal quotation marks omitted). "We must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor." United States v. Payne, 591 F.3d 46, 59 (2d Cir. 2010). The elimination of a suspected informant satisfies the VICAR motive requirement. See United States v. Dhinsa, 243 F.3d 635, 671-72 (2d Cir. 2001). This remains so even if the murder also satisfies a personal motive. See United States v. Burden, 600 F.3d 204, 221 (2d Cir. 2010); United States v. Concepcion, 983 F.2d 369, 381 (2d Cir. 1992) (explaining that the government need not "prove that maintaining or increasing position in the RICO enterprise was the defendant's sole or principal motive"). Notwithstanding Hunter's attempts to depreciate evidence that Clemons was viewed as a "snitch," Thomas's testimony clearly supports the VICAR motive aimed at eliminating Clemons as a suspected informant. Trial Tr. 1325, 1328, 1339-40. Although there is evidence supporting other

motives for the Clemons murder, none of it disavows or even undercuts the VICAR motive.[1]

[3]  Hunter seeks vacatur of his Count Four conviction and remand for a new trial based on the district court's failure to provide sua sponte a special verdict sheet specifying the jury's findings of the motive driving the Clemons murder.  "[T]here is a historical preference for general verdicts, and a traditional distaste for special interrogatories in criminal cases." United States v. Bell, 584 F.3d 478, 484 (2d Cir. 2009) (per curiam) (internal quotation marks omitted).  Moreover, the district court properly instructed the jury on the VICAR motive requirement.  This instruction left no room for a Count Four conviction based on a purely personal motive.  We "presume that juries understand and abide by a district court's . . . instructions." United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002).  Accordingly, there was no plain error in the district court's failure to provide sua sponte a special verdict sheet.

[4]  Hunter seeks vacatur of his Count Four conviction and remand for a new trial, arguing spillover prejudice arising from the evidence presented in support of Counts One and Two.  "A defendant bears an extremely heavy burden when claiming prejudicial spillover." United States v. Griffith, 284 F.3d 338, 351 (2d Cir. 2002).  Although the district court vacated Hunter's convictions for Counts One and Two,

---

[1] Even assuming a conflict, "[w]here there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." United States v. Ware, 577 F.3d 442, 447 (2d Cir. 2009); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979); Payne, 591 F.3d at 60.
Hunter argues that the government's withholding of information precluded him from minimizing Clemons's role in the enterprise.  Hunter raised this argument for the first time in his reply brief, thereby waiving it. See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005).  But even assuming that Hunter's argument is properly before this Court, it lacks merit. Common sense dictates that enterprise members would feel threatened by a suspected cooperator working as a lieutenant in the enterprise for one year, three months, or merely one day.

4

much of the evidence presented in support of those counts was properly before the jury even in the absence of Counts One and Two. See United States v. Hamilton, 334 F.3d 170, 185 (2d Cir. 2003) (rejecting a spillover prejudice argument in part because "most of the conduct involved in the 12 RICO predicate acts would have been admissible at trial in the absence of a RICO count"). The Count Four conviction required proof beyond a reasonable doubt of an enterprise and racketeering activity, *and* Federal Rule of Evidence 404(b) permits the admission of otherwise inadmissible evidence to prove, inter alia, motive and intent. Moreover, the jury's determination that four of the predicate acts were not proven indicates that the jury was not misguided by prejudice. See United States v. Stewart, 433 F.3d 273, 310 (2d Cir. 2006); Hamilton, 334 F.3d at 183; United States v. Casamento, 887 F.2d 1141, 1153 (2d Cir. 1989). Finally, even assuming that the evidence in support of the attempted murder of Allen Goines is substantially more inflammatory than the evidence in support of the Clemons murder, this factor is outweighed by the similarity of the predicate acts to the Clemons murder and the strength of the government's evidence of the Clemons murder. See United States v. Jones, 482 F.3d 60, 78 (2d Cir. 2006) ("In analyzing a claim of prejudicial spillover, we consider (1) whether the evidence introduced in support of the vacated count was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts, (2) whether the dismissed count and the remaining counts were similar, and (3) whether the government's evidence on the remaining counts was weak or strong." (internal quotation marks omitted)).

[5]  Hunter seeks vacatur of his Count Four conviction and remand for a new trial based on the district court's failure to identify Lisa Toney in the accomplice-witness charge (or the informant-witness charge). Even assuming that Hunter did not waive this argument, it does not withstand plain error review. An accomplice-witness charge is a "discretionary charge . . . not required in all cases, but only in those where, by failing to give the charge, the defendant suffered substantial prejudice." United States v. Slocum, 695 F.2d 650, 656 (2d Cir. 1982) (internal quotation marks omitted). Hunter argues that he suffered substantial prejudice because the explicit identification of Toney as an accomplice-witness (or an informant-witness) would have supported the personal motive for Hunter's participation in

the Clemons murder.[2]  But Toney's alleged motive for complying with Thomas's instructions in setting up the Clemons murder has nothing to do with Hunter's motive for participating in that murder.  Accordingly, we find no substantial prejudice--and no plain error--in the district court's failure to identify Toney in the accomplice-witness charge (or the informant-witness charge).

We have considered all of Hunter's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Hunter seems to argue that he suffered substantial prejudice on the distinct ground that the district court failed to instruct the jury to approach Toney's testimony with the appropriate level of scrutiny.  However, Hunter does not challenge the veracity of Toney's testimony; and the informant-witness charge given by the district court and the three summations delivered at the conclusion of the trial, Trial Tr. 2926, 2966, 3011-12, provided ample caution as to Toney's testimony.  See United States v. Bufalino, 683 F.2d 639, 647-48 (2d Cir. 1982) (rejecting reversal based on an "arguably inadequate" accomplice-witness charge in part because the jury "could be counted on to use its common sense in evaluating the truth of [certain] testimony").

6