21-1773
*United States v. Hunter*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-two.

Present:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> ALISON J. NATHAN,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                             21-1773

TYRONE HUNTER,

> *Defendant-Appellant*.[*]

---

For Appellee:                          Anna L. Karamigios, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Defendant-Appellant:         Gary S. Villanueva, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 7, 2021, is **AFFIRMED**.

Tyrone Hunter appeals an order denying his motion for a reduced sentenced under 18 U.S.C. § 3582(c)(1)(A) entered by the United States District Court for the Eastern District of New York (Donnelly, *J.*). Hunter is serving a mandatory life sentence for one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1). That conviction followed a four-week trial at which the Government introduced extensive evidence of Hunter's involvement in a violent drug trafficking organization called "the Family" in East New York, Brooklyn. The jury found Hunter guilty of conspiring to murder Eric Clemons in aid of racketeering, murdering Clemons in aid of racketeering, conspiring to distribute cocaine and cocaine base, and using a firearm in furtherance of a conspiracy to distribute. *United States v. Hunter*, No. 05-CR-188 (JG), 2008 WL 268065, at *2 (E.D.N.Y. Jan. 31, 2008). He was also convicted of racketeering and conspiracy to racketeer, for which the jury found predicate acts including the attempted murder of Alan Goines, conspiracy to murder Goines, the murder of Todd Carson, the murder of Clemons, and the conspiracy to rob and robbery of Tacuma Kinsey. Jury Verdict, No. 05-CR-188, ECF No. 167 (E.D.N.Y. Feb. 6, 2007).

Following the verdict, Judge Gleeson granted Hunter's motions to acquit him of several counts of conviction on statute-of-limitations grounds, ordered a new trial on several counts, and sustained Hunter's conviction for Clemons's murder. *Hunter*, 2008 WL 268065, at *19. At sentencing, Judge Gleeson noted that Hunter had a difficult upbringing and had "made a real

effort to turn [his] back on a life" of crime, but that he must be "held accountable for unforgivable, unspeakable acts of criminal behavior." Def. App. at 138–140. In imposing the mandatory life sentence, Judge Gleeson was "emphatic . . . that life in prison is appropriate." *Id.* at 140. This Court affirmed Hunter's conviction and life sentence on direct appeal. *United States v. Hunter*, 386 F. App'x 1 (2d Cir. 2010).

On March 8, 2021, Hunter moved pro se to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). That motion, also termed a compassionate-release motion, was supplemented by court-appointed counsel. The district court in a thorough memorandum decision denied Hunter's motion, concluding both that no extraordinary and compelling reason warranted Hunter's release and that no such reason would outweigh the 18 U.S.C. § 3553(a) factors that support his continued imprisonment. Unsealed Gov't App. ("SGA") at 7–10.

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) factors warrant reduction. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). If any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements. *Id.* at 72–73; *see also United States v. Jones*, 17 F.4th 371, 374–75 (2d Cir. 2021) (per curiam) (encouraging district courts to consider all three requirements, as the court did in this case, to aid our appellate review). In considering these requirements, district courts have broad discretion. *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020). This Court reviews the district court's denial of Hunter's motion for

abuse of discretion, meaning that we must affirm unless the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).[1]

The Court concludes that the district court acted well within its discretion in denying Hunter's motion. First, the district court concluded that no extraordinary and compelling reason supported Hunter's release. It explained that even with his underlying medical conditions, Hunter was adequately protected against the COVID-19 pandemic with two doses of the Pfizer-BioNTech vaccine. SGA at 8 & n.9. Hunter only briefly addresses this finding in a footnote. Hunter Br. at 26 n.4. Hunter's argument is unavailing. The district court's assessment of the effectiveness of the vaccine at the time the order issued in July 2021 was not erroneous. *See Jones*, 17 F.4th at 375 (concluding that the district court did not abuse its discretion in denying a motion based on low COVID-19 case counts when the order was issued). And notwithstanding Hunter's well-taken concern about the risks posed by new variants of the virus, the vaccine remains a highly effective means of preventing the most severe effects of COVID-19. *See, e.g., United States v. Herring*, No. 10 CR 391-67 (CM), 2022 WL 633871, at *3 (S.D.N.Y. Mar. 4, 2022); *United States v. Hawkins*, No. 3:08-CR-61 (AWT), 2022 WL 1172322, at *2 (D. Conn. Apr. 20, 2022). The Court may therefore affirm the district court's order on the lack of an extraordinary and compelling reason alone.

---

[1] That Hunter received a mandatory minimum sentence of life imprisonment does not preclude him from relief under § 3582. *See United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam).

4

Second, even if the Court were to consider Hunter's arguments about the district court's treatment of the § 3553(a) factors, we would still find no abuse of discretion. Relying on Judge Gleeson's findings at sentencing, the district court echoed that Hunter's crimes were "unforgiveable [and] unspeakable," and found that continued imprisonment reflected the seriousness of the conduct and provided just punishment. SGA at 10 (quoting Def. App. at 140).[2] Contrary to Hunter's claims, the district court weighed these aggravating factors against the mitigating factors, including the evidence that Hunter was a good father, that he had rehabilitated, and that letters filed to the court demonstrated strong support for him. The district court further addressed Hunter's claim that his mandatory life sentence was unjust and explained that his sentence was harsher than some co-conspirators' because he did not cooperate with the Government or accept responsibility. This careful consideration of the relevant facts provides this Court no basis to second-guess the district court's determination that the § 3553(a) factors weigh against Hunter's release. *See United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009). That remains true even if the district court did not expressly address every argument Hunter raised or "discuss every § 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (quoting *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007)).

Hunter's last argument is that the district court improperly relied on acquitted conduct in its consideration of the seriousness of his crimes, noting that the jury acquitted him of the murder of Goines. That assertion is contradicted by the district court twice noting that though the jury convicted Hunter of conspiracy to murder Goines and attempted murder of Goines, it acquitted

---

[2] The district court incorrectly stated that Hunter had served thirteen years of his sentence, rather than the correct sixteen years, presumably because it did not account for Hunter's time served before Judge Gleeson imposed sentence. We find this minor factual error to be harmless.

him of the murder of Goines.  SGA at 2 n.1, 3 n.2.  Accordingly, we find no abuse of discretion by the district court.

*    *    *

We have considered Hunter's remaining arguments and find in them no basis for reversal. We therefore AFFIRM the July 7, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk