12-3263-cr
United States v. Vassell, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
CHRISTOPHER F. DRONEY,
<u>Circuit Judge</u>,
JOHN F. KEENAN,[*]
<u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
<u>Appellee</u>,

-v.-                                           12-3263-cr

DONALD VASSELL, a/k/a CRAT,
<u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                    Colleen P. Cassidy, Federal
                                      Defenders of New York, Inc., New
                                      York, New York.

**FOR APPELLEE:**                     Emily Berger (Sylvia S. Shweder,
                                      <u>on the brief</u>), <u>for</u> Loretta E.
                                      Lynch, United States Attorney
                                      for the Eastern District of New
                                      York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Donald Vassell appeals from the judgment of the United States District Court for the Eastern District of New York (Johnson, <u>J.</u>), denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the district court's denial of Vassell's motion for an abuse of discretion. <u>See</u> <u>United States v. Rivera</u>, 662 F.3d 166, 170 (2d Cir. 2011); <u>United States v. Borden</u>, 564 F.3d 100, 104 (2d Cir. 2009).

1. Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . the court *may* reduce the term of imprisonment." (Emphasis added). When deciding whether to exercise its discretion to reduce a defendant's sentence under § 3582(c)(2), a district court (1) "*shall* consider the factors set forth in 18 U.S.C. § 3553(a)," (2) "*shall* consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and (3) "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment . . . ." U.S.S.G. § 1B1.10 cmt. n.1(B) (emphases added); <u>see also</u> <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2692 (2010).

2

2.  Here, the district court explicitly considered the § 3553(a) factors, and there is no requirement of a more detailed explanation.  See United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (affirming denial of resentencing where district court stated only that it had "review[ed] the relevant records . . . and consider[ed] the factors set out in 18 U.S.C. § 3553(a) and the danger that the defendant poses to the community").  The district court also found that Vassell's crimes were egregious and that he had a leadership role within the conspiracy.

3.  Although the district court never explicitly considered the danger to the community, its consideration of the egregious nature of the crime sufficed.  See United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

4.  The district court did not err by declining to consider Vassell's post-sentencing conduct.  Application Note 1(B)(iii) to section 1B1.10 of the Guidelines Manual gives district courts discretion as to whether to consider this factor by using the word "may" rather than "shall."  U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).

For the foregoing reasons, and finding no merit in Vassell's other arguments, we hereby **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK