12-4011(L)
United States of America v. Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of December, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                 *Appellee,*

          -v-                                    12-4011(L); 12-4018(con)

JAIME RODRIGUEZ, also known as Jay, STEVEN CAMACHO,
also known as Spank, also known as Spanko,

                 *Defendants-Appellants.*[1]

_____

Appearing for Appellant Jaime Rodriguez:   Joyce C. London, New York, N.Y.

Appearing for Appellant Steven Camacho:   Joshua L. Dratel, New York, N.Y.

Appearing for Appellee:                    Paul M. Krieger, Assistant United States Attorney
                                           for the Southern District of New York (Preet
                                           Bharara, United States Attorney, Jennifer G.
                                           Rodgers, Assistant United States Attorney, *on the
                                           brief*).

---

[1]The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jaime Rodriguez and Steven Camacho appeal from the September 5, 2012 memorandum and order of the United States District Court for the Southern District of New York (Keenan, *J.*) denying their motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Rodriguez and Camacho were convicted after trial in July 1994 of (1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; (3) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2); (4) possession of a firearm with an obliterated serial number, which had been shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), (5) conspiracy to suborn perjury, and (6) conspiracy to tamper with a witness. In addition, Camacho was convicted on one count of possessing a firearm in or affecting commerce after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Following a remand for resentencing, both Rodriguez and Camacho were sentenced to 300 months' imprisonment, a sentence we upheld on appeal. *United States v. Hernandez*, 122 F.3d 1058 (2d Cir. 1997) (table).

Camacho and Rodriguez sought reduced sentences in the district court based on the 2011 amendments to the Sentencing Guidelines implementing the Fair Sentencing Act of 2010, which "reduced the statutory penalties for cocaine base ('crack cocaine') offenses, eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine, and contained directives to the Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases." USSG App. C, Am. 750. The district court found that both Camacho and Rodriguez were eligible for resentencing because the amended Guidelines yielded a reduced sentencing range of 235 to 293 months, but denied their motions  Having found Camacho and Rodriguez eligible for resentencing, the district court then declined to exercise its discretion to reduce their sentences. The district court stated that "[a]fter considering the factors set forth in § 3553(a), the Court concludes that reducing the sentence of either defendant would create an unwarranted danger to the public safety."

We review  a district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

Generally, a court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2687 (2010) (quoting 18 U.S.C. §

2

3582(c)). Section 3582(c)(2) provides an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." At that point, a district court may "'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 130 S. Ct. at 2687 quoting 18 U.S.C. § 3582(c)(2).

We have considered the arguments made by defendants and conclude that there are no grounds for finding the district court abused its discretion in declining to reduce defendants' sentences. The district court correctly conducted the required analysis. It determined defendants were, indeed, eligible for a reduced sentence, and after considering the Section 3553(a) factors, declined to grant defendants' motion. The district court is not required to lower a sentence under the FSA. It is an option that the district court exercises at its discretion.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3