**UNITED STATES of America,**
**Appellee,**

v.

**Timothy HEPBURN, Hatem**
**Saleh, Defendants,**

**James Borden, Defendant–Appellant.**

**No. 03–1459.**

United States Court of Appeals,
Second Circuit.

Feb. 9, 2004.

John P. Collins, Jr., Assistant United States Attorney, for James B. Comey, United States Attorney, Southern District of New York (Mark L. Mukasey, Assistant United States Attorney, of counsel), for Appellee.

Eric M. Sears, New York, NY, for Defendant–Appellant.

Present: NEWMAN, CALABRESI, Circuit Judges, and UNDERHILL, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-appellant James Borden ("Defendant") and co-defendants Timothy Hepburn and Hatem Saleh were charged in a two-count indictment with distribution and possession with intent to distribute crack cocaine and conspiracy to do the same, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), 846; and 18 U.S.C. § 2. Saleh pled guilty to both counts, while Defendant and Hepburn proceeded to a joint trial. The jury acquitted Hepburn, but convicted Defendant on both counts. The district court (Cote, *J.*) sentenced Defendant principally to 96 months' imprisonment and a five-year term of supervised release.

On appeal, Defendant argues that the district court erred in various respects. Some of these arguments were never

---

* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

raised to the district court, so our review of them is for plain error. *See United States v. Zillgitt,* 286 F.3d 128, 138 (2d Cir.2002) ("[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.") (citing *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

■ We conclude that all of Defendant's claims lack merit. First, Defendant argues that the district court erred in admitting into evidence a portion of Saleh's plea allocution under FRE 804(b)(3), the statement-against-interest exception to the hearsay rule, and that this error resulted in a violation of Defendant's Confrontation Clause rights. As a threshold matter, we hold that it was not plain error for the district court to determine that Saleh was an "unavailable" witness under FRE 804(a) due to his intention to invoke his Fifth Amendment privilege if called to testify. *See United States v. Williams,* 927 F.2d 95, 98–99 (2d Cir.1991). We also hold that the district court did not abuse its discretion in concluding that each of Saleh's statements that was introduced into evidence was against his penal interest. *See Williamson v. United States,* 512 U.S. 594, 600–01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); *United States v. Tropeano,* 252 F.3d 653, 658–59 (2d Cir.2001). Given this, and in light of the district court's limiting instructions as to the proper use of the plea statements, we conclude that the statements were sufficiently reliable so as to satisfy the Confrontation Clause. *See United States v. Gallego,* 191 F.3d 156, 168 (2d Cir.1999).

■ Second, Defendant contends that the district court should have severed his trial from that of Hepburn, because Hepburn's defense strategy was antagonistic to his. The Defendant has not, however, demonstrated the high risk of unfair prejudice needed to carry such a claim. Accordingly, we find that the district court acted well within its discretion in refusing severance. *See United States v. Yousef,* 327 F.3d 56, 151–52 (2d Cir.2003).

■ Finally, Defendant argues that two aspects of his cross examination by the prosecutor violated the rules of evidence and deprived him of his due process right to a fair trial. Specifically, Defendant claims that the prosecutor asked him whether he had ever sold marijuana, despite the fact that the district court had previously denied permission to raise the issue. Defendant also claims that the prosecutor improperly asked him about the criminal conduct-menacing a person with a knife-that underlay his 1998 conviction for attempted criminal possession of a forged instrument (a conviction that the district court had granted the prosecutor permission to cross examine Defendant about).[1]

We hold that, even if the district court's failure, *sua sponte,* to declare a mistrial was "plainly" erroneous, the Defendant has failed to carry his burden of showing that the error was harmful. *See United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992); *see also Olano,* 507 U.S. at 734 (stating that, on plain error review, the defendant bears the burden of demonstrat-

---

1. In response to the prosecutor's questions, Defendant denied that he had ever sold mari- juana or menaced a person with a knife.

ing prejudice). We base this conclusion on a variety of factors, including the strong evidence of Defendant's guilt, the district court's limiting instructions, the fact that the prosecutor did not mention marijuana selling or knife menacing during summation, and the cumulative nature of these questions given that Defendant's 1990 conviction for possession with intent to dispense cocaine was properly brought out on cross examination. Furthermore, although we do not condone the prosecutor's conduct, we also hold that Defendant has failed to demonstrate prosecutorial misconduct that is so severe as to warrant reversal on plain error review. *See United States v. McCarthy,* 54 F.3d 51, 55 (2d Cir.1995) ("[A] new trial is only warranted if the misconduct is of sufficient significance to result in the denial of the defendant's right to a fair trial. The severity of the misconduct, curative measures, and the certainty of conviction absent the misconduct are all relevant to the inquiry.") (citations and internal quotation marks omitted).

We have considered all of Defendant's claims and find them to be without merit. We therefore AFFIRM the judgment of the district court.