UNITED STATES of America,
Appellee,

v.

James BORDEN, Defendant–Appellant.

No. 05–0315–CR.

United States Court of Appeals,
Second Circuit.

March 13, 2006.

Eric M. Sears, New York, N.Y., for Appellant.

David N. Kelley, U.S. Atty., John P. Collins, Jr., David B. Anders, Asst. U.S. Attys., New York, N.Y., for Appellee.

PRESENT: Honorable JON O. NEWMAN, Honorable GUIDO CALABRESI, Circuit Judges. and Honorable STEFAN R. UNDERHILL,* District Judge.

This is a renewed appeal following our remand to the District Court to determine whether the Appellant, James Borden, is entitled to a new trial because of the admission in evidence of the plea allocution of co-defendant Hatem Saleh. Admission of Saleh's plea allocution was erroneous in light of the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), decided after Borden's conviction. As Judge Cote recognized, *Crawford* applies to cases like Borden's that were pending on direct review when *Crawford* was decided.

* Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

Judge Cote denied Borden's request for a new trial, concluding that the error in admitting Saleh's plea allocution was harmless beyond a reasonable doubt, the standard required to be met before the error could be disregarded. *See United States v. McClain,* 377 F.3d 219, 222 (2d Cir.2004). Among the factors supporting her ruling are: (a) the evidence against Borden, consisting of detailed testimony of two undercover officers, was overwhelming; (b) Borden's testimony was, as Judge Cote described it, "wholly incredible" [SPA 17], meriting the Sentencing Guidelines enhancement she imposed for obstruction of justice; (c) neither the Government nor Borden's defense counsel made any reference to the plea allocution during summations, and the only reference to it was the brief statement of counsel for Borden's co-defendant, Timothy Hepburn, that the plea allocution did not implicate Hepburn; (d) the allocution did not name Borden; and (e) the jury charge cautioned the jury that the plea allocution was admitted only to prove the existence of the conspiracy and could not be used to determine whether either defendant, Borden or Hepburn, was a member of the conspiracy if it existed. We agree with Judge Cote that the *Crawford* error was harmless beyond a reasonable doubt.

Borden also seeks a further remand, pursuant to *United States v. Crosby,* 397 F.3d 103, 117 (2d Cir.2005), to afford the District Court an opportunity to determine whether to resentence in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government consents to a *Crosby* remand.

We have considered Borden's remaining contentions and conclude that they lack merit.

Accordingly, the District Court's ruling denying the motion for a new trial is affirmed, and the case is remanded, pursuant to *Crosby,* to determine whether the District Court wishes to resentence, and, if so, to proceed with resentencing.