08-1625-cr
USA v. Hepburn (Borden)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: April 2, 2009

Decided: April 17, 2009
Amended: April 22, 2009)

Docket No. 08-1625-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

JAMES BORDEN,

*Defendant-Appellant.*

Before: CABRANES and HALL, *Circuit Judges*, and SWEET, *District Judge.**

Defendant appeals from a final order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*), in which the District Court declined to reduce Borden's sentence pursuant to 18 U.S.C. § 3582(c)(2). We hold that the appropriate standard of review to apply to a district court's ruling on a motion under 18 U.S.C. § 3582(c)(2) is abuse of discretion, and we conclude that the District Court did not abuse its discretion in declining to reduce defendant's sentence.

Affirmed.

JOHN P. COLLINS, JR., Assistant United States Attorney
(Michael J. Garcia, United States Attorney, *on the brief*,
Katherine Polk Failla, Assistant United States

---

* The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

1

Attorney, *of counsel*), Office of the United States
Attorney for the Southern District of New York,
New York, NY, *for the United States of America*.

DAVID A. LEWIS, Federal Defenders of New York, Inc.,
Appeals Bureau, New York, NY, *for James Borden*.

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant James Borden appeals from a final order of the United States District Court for

the Southern District of New York (Denise Cote, *Judge*), in which the District Court declined to

reduce Borden's sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] We write for the purpose of stating

that abuse of discretion is the appropriate standard of review to apply to a district court's ruling on a

motion under 18 U.S.C. § 3582(c)(2). In this case, we conclude that the District Court did not abuse

its discretion in declining to reduce Borden's sentence, and accordingly affirm the final order of the

District Court.

## BACKGROUND

On January 30, 2003, Borden was convicted, after a jury trial, of conspiracy to distribute and

possess with intent to distribute 2.58 grams of crack cocaine, in violation of 21 U.S.C. § 846, and

possessing with intent to distribute the same drugs, in violation of 21 U.S.C. § 841(a)(1), 841

(b)(1)(C). At the sentencing hearing on July 25, 2003, the District Court noted Borden's "[e]leven

convictions from adolescence through the entirety of his adult life," before sentencing him

principally to a term of ninety-six months imprisonment—the upper end of the range provided for

---

[1] 18 U.S.C. § 3582(c)(2) states in pertinent part that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing
> range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the
> defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

by the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  Appellant's App. at 46-47.  The District Court then stated that it was imposing such a sentence "because of [its] concern about recidivism and the need to protect the public."  *Id.* at 47.  On direct appeal, another panel of this Court affirmed Borden's conviction and sentence.  *See United States v. Hepburn (Borden)*, 86 Fed. App'x 475 (2d Cir. 2004).

On April 12, 2004, Borden filed a motion in the Court of Appeals to recall the mandate from the District Court, so that he could file a late petition for panel rehearing.  Relying on the Supreme Court's then-recent decision in *Crawford v. Washington*, 541 U.S. 36 (2004), Borden argued that he was denied his right to confront and cross-examine one of his co-defendants.  On May 25, 2004, a panel of this Court granted Borden's motion to recall the mandate and subsequently remanded the case to the District Court to determine whether Borden was entitled to a new trial. *See* Order of May 25, 2004, *United States v. Hepburn (Borden)*, No. 03-1459 (2d Cir. May 25, 2004); Order of August 3, 2004, *United States v. Hepburn (Borden)*, No. 03-1459 (2d Cir. Aug. 3, 2004).  On January 5, 2005, the District Court denied Borden's motion for a new trial.  Record on Appeal ("ROA") doc. 56.  Borden filed a timely notice of appeal.  A panel of this Court affirmed the District Court's denial of Borden's motion for a new trial, and it remanded the case to the District Court to determine whether Borden should be resentenced pursuant to this Court's then-recent decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  *See United States v. Borden*, 170 Fed. App'x 755 (2d Cir. 2006).  On June 9, 2006, the District Court filed a Memorandum and Opinion in which it declined to resentence Borden.  ROA doc. 63.

Effective November 1, 2007, the United States Sentencing Commission ("Commission") lowered the base offense level for crack cocaine offenses.  *See* Amendments to the Sentencing Guidelines for the United States Courts, 72 Fed. Reg. 28,571 - 28,572 (2007).  On December 11,

2007, the Commission voted to apply this amendment retroactively, which meant that defendants sentenced under the former crack cocaine Guidelines would be eligible for a sentence reduction. *See United States v. Jones*, 531 F.3d 163, 179 (2d Cir. 2008); *United States v. Regalado*, 518 F.3d 143, 150 (2d Cir. 2008); U.S.S.G. § 1B1.10(c) (indicating the application of this provision to amendment 706, as modified by 711). On February 28, 2008, the United States Probation Office ("USPO") issued a supplement to Borden's Presentence Report, in which it concluded that Borden was eligible for a sentence reduction under the newly amended Guidelines, and that the applicable amended Guidelines range was sixty-three to seventy-eight months. Appellant's App. at 53. The supplement also stated that, according to a progress report of the Bureau of Prisons ("BOP"), Borden was a "good inmate," and that his BOP caseworker had determined that he was not a public safety concern. *Id.*

In an order of March 4, 2008, the District Court instructed Borden and the government to submit their views on whether Borden's sentence should be modified in light of the newly-amended Guidelines and the USPO's supplemental report. *Id.* at 25-26. The government submitted a letter brief on March 5, 2008, stating that Borden was eligible for a sentence reduction based on a revised Guidelines range of sixty-three to seventy-eight months imprisonment, and did not object to a reduction within that range. On March 11, 2008, Borden's court-appointed counsel requested a reduction to sixty-three months imprisonment. On March 14, the District Court entered a Memorandum Opinion and Order, in which it declined to reduce Borden's sentence. *See United States v. Borden*, No. 02-cr-929 (DLC), 2008 WL 705957 (S.D.N.Y. Mar. 14, 2008). The District Court noted at the outset that "[t]his is not the first occasion on which the Court has had to consider a re-sentencing of this defendant," *id.* at *1, and then explained its earlier decision not to resentence Borden pursuant to *Crosby*, 397 F.3d 103:

4

> In that Order, the Court noted that a sentence at the top of the guidelines range, which is unusual, "was intended as a clear signal that Borden deserved a lengthy sentence, and specifically a sentence of 96 months. As described at the sentence, the Court was influenced by Borden's 'consistent' and 'constant' violation of the law, and the need to protect society, among other things."

*Borden*, 2008 WL 705957, at *1. The District Court then stated that it had "considered the factors set out in 18 U.S.C. § 3553(a) and the danger that the defendant poses to the community" and concluded that "in an exercise of the Court's discretion, the defendant's term of imprisonment will not be reduced[.]" *Id.* Borden filed a timely notice of appeal.

**DISCUSSION**

Before this Court, Borden argues that the District Court abused its discretion in denying him a sentence reduction because (1) "the [D]istrict [C]ourt erroneously relied on its earlier decision not to reconsider its sentence pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), as the basis for denying a sentence reduction in these circumstances, although the factual and legal bases for consideration of the sentence in the two circumstances were completely different;" (2) the District Court's "original rationale for the 96-month sentence it imposed was substantially undercut" because the post-sentencing information prepared by the USPO "indicated that Mr. Borden was no longer the danger to public safety that the court had earlier perceived him to be;" and (3) "the [C]ourt appeared not to understand the import of the Sentencing Commission's amendments reducing the sentences for crack cocaine." Appellant's Br. at 9.

We have not previously determined the appropriate standard of review to apply to a district court's ruling on a motion under 18 U.S.C. § 3582(c)(2). We have noted, however, that "[t]hose circuits that have addressed the issue have determined that such a decision should be reviewed for abuse of discretion." *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007) (citing *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006)); *United States v. Moreno*, 421 F.3d 1217, 1219 (11th

5

Cir. 2005)).

Pursuant to statute, a "court *may* reduce the term of imprisonment" of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" upon the court's consideration of "the factors set forth in section 3553(a)," so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2)(emphasis added).[2] Because the statute states that a district court *may* reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2). Accordingly, we join our sister circuits in holding that we review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See, e.g., United States v. Pardue*, 36 F.3d 429, 430 (5th Cir. 1994) ("The decision to reduce a sentence under [18 U.S.C.] § 3582(c)(2) is discretionary. We therefore review challenges for abuse of discretion." (internal citation omitted)), *cert. denied*, 514 U.S. 1113 (1995); *see also United States v. LaBonte*, 70 F.3d 1396, 1411 (1st Cir. 1995) ("The law permits, but does not require, the district court to [reduce defendant's sentence]. Because this decision is committed to the trial court's discretion, the court of appeals will interfere only if the record reveals a palpable abuse of that discretion."(internal citation omitted)), *rev'd on other grounds*, 520 U.S. 751 (1997). As we have previously stated, "[a] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal alteration, citations,

---

[2] The applicable policy statement provides that if a defendant's Guidelines range has "subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," and "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1).

and quotation marks omitted).

Based upon our review of the record and the arguments of counsel, we conclude that the District Court did not abuse its discretion in declining to reduce Borden's sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court decided against a sentence reduction only after "review[ing] the relevant records concerning the defendant, including the transcript of the sentencing proceeding, and . . . consider[ing] the factors set out in 18 U.S.C. § 3553(a) and the danger that the defendant poses to the community." *Borden*, 2008 WL 705957, at *1. The District Court clearly based its view in large part on what it had earlier described as Borden's "'consistent' and 'constant' violation of the law" and accordingly "the need to protect society." *Id.* Though it is true that the USPO's supplemental report noted that Borden's BOP caseworker had determined that he did not pose a threat to society, the District Court was acting well within its authority in deciding that, based upon Borden's extensive criminal history, a sentence of ninety-six months imprisonment was appropriate. In sum, we cannot conclude that the District Court abused its discretion in declining to reduce Borden's original sentence.

Turning to Borden's other arguments, we note that, contrary to his assertion, the District Court did indeed appear to "understand the import of the Sentencing Commission's amendments reducing the sentences for crack cocaine." Appellant's Br. at 9. As noted, it was the District Court that, *sua sponte*, ordered the parties to brief whether Borden's sentence should be reduced in light of the new amendments and the USPO's supplemental report. *See* Appellant's App. at 25-26 (Order of Mar. 4, 2008).

Finally, we conclude that the District Court did not "erroneously rel[y]" upon its earlier decision not to resentence Borden following this Court's decision in *Crosby*, 397 F.3d 103. Appellant's Br. at 9. Rather, in her March 14, 2008 Order, the experienced and able District Judge

simply noted that "[t]his [was] not the first occasion on which the Court . . . had to consider a re-sentencing of this defendant" and explained the factors that she considered in reaching her original decision, which she found still to be relevant two years later. *Borden*, 2008 WL 705957, at *1. We find no error in her analysis.

## CONCLUSION

For the reasons stated above, the March 14, 2008 Order of the District Court declining to reduce Borden's sentence pursuant to 18 U.S.C. § 3582(c)(2) is AFFIRMED.