UNITED STATES of America,
Plaintiff–Appellee,

v.

Darryl TYLER, Defendant–Appellant.

No. 08–1533–cr.

United States Court of Appeals,
Second Circuit.

July 15, 2009.

Jo Ann M. Navickas and Kelly Currie, Assistant U.S. Attorneys, for Benton J. Campbell, U.S. Attorney, Eastern District of New York, Brooklyn, N.Y., for Plaintiff–Appellee.

Darryl Tyler, pro se, Talladega, Ala., for Defendant–Appellant.

PRESENT: ROGER J. MINER, DEBRA ANN LIVINGSTON, Circuit Judges, DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Darryl Tyler appeals from an order of the district court denying his request to be resentenced, pursuant to 18 U.S.C. § 3582(c)(2), on the basis of the amendments relating to the crack cocaine provision in the United States Sentencing Guidelines ("U.S.S.G."). The government contends that the district court did not abuse its discretion in refusing to resentence Tyler because Tyler's sentence was based on his participation in the murder of Lanny Dillard, and not on the type or quantity of narcotics. We assume the parties' familiarity with the facts, proceedings below, and issues on appeal.

We review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 101 (2d Cir.2009). In this case, the district court did not abuse its discretion in declining to reduce Tyler's sentence because Tyler's applicable Guidelines offense level at his initial sentencing was based on the murder of Lanny Dillard, and the sentencing range under which Tyler was sentenced was not subsequently lowered by the crack cocaine amendments. Thus, Tyler was not entitled to a reduction in his sentence.

Tyler claims that his attorney at the § 3582(c)(2) proceeding was ineffective. We dismiss this challenge, without prejudice to Tyler raising the same claim in a habeas petition. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (expressing preference that an ineffective counsel claim be evaluated pursuant to a 28 U.S.C. § 2255 motion, rather than on direct appeal); *United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir.2003) (noting that this Court has a "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted) (quoting *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000))). In any event, given that Tyler was not eligible for a reduction in his sentence on the basis of the crack cocaine amendments, there is no reasonable probability that, but for any

---

* David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

alleged errors on his counsel's part, the result of the § 3582(c)(2) proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have considered Tyler's remaining arguments and find them to be without merit. We therefore affirm the district court's order.