*134 SUMMARY ORDER
Defendant-Appellant Anthony Cortes appeals from the judgment of the United States District Court for the Southern District of New York (Scheindlin, J.) denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We review for abuse of discretion a district court’s ruling on a motion pursuant to 18 U.S.C. § 3582(c)(2). United States v. Borden, 564 F.3d 100, 101 (2d Cir.2009). We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal. For the following reasons, we affirm the District Court’s judgment.
Cortes’s first argument on appeal is that the District Judge incorrectly believed she did not have the authority to reduce his sentence. After reviewing the record, we conclude, however, that the District Judge did not base her denial of the reduction of sentence on any absence of authority, but instead simply chose not to exercise her discretion in Cortes’s favor.
Cortes’s second claim on appeal is that the District Judge erred by not reconsidering the factors in 18 U.S.C. § 3553(a) when denying Cortes’s request for reduction of sentence. When deciding whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), a district court judge must consider anew the section 3553(a) factors. United States v. Regalado, 518 F.3d 143, 151 (2d Cir.2008). In making this argument, Cortes seizes on the District Judge’s remark that she “had already thought through” the relevant considerations, as well as on her failure specifically to discuss his post-sentence conduct.
In the absence of contrary evidence, we assume that a District Judge has faithfully discharged her duty to consider the relevant statutory factors. See United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006). Given this presumption, the deferential standard of review, and the fact that the District Judge made numerous statements indicating she had reconsidered the statutory factors, we read her above-mentioned remark to mean no more than that, after reconsidering the section 3553(a) factors, she continued to find relevant the considerations that had supported her initial sentence. See Borden, 564 F.3d at 105.
Accordingly, we affirm the District Court’s judgment.