United States v. Graham

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand twelve.

PRESENT:
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

        *Appellee*,

     v.                               12-1814

FRANKLIN GRAHAM, AKA CQ,

        *Defendant-Appellant*.[1]

———————————————————————

FOR APPELLANT:        Franklin Graham, *pro se*, Atlanta, GA.

FOR APPELLEE:         Joseph J. Karaszewski, Assistant United States Attorney, of Counsel, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

———————————

[1] The Clerk of the Court is directed to change the caption as set out above.

Appeal from an order of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Franklin Graham, proceeding *pro se*, appeals from the district court's April 23, 2012 post-judgment order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Commission, *Guidelines Manual*, App. C, Amendment 750, Part A, which lowered the base offense levels for crack cocaine offenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a motion to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). An abuse of discretion occurs where a district court "'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Id.* (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Section 3582(c)(2) provides that a court "may reduce the term of imprisonment" of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" but only "after considering the factors set forth in § 3553(a)." Reduction is thus entirely discretionary, and the court has substantial latitude in determining whether a reduction is warranted. This discretion, however, is not unlimited. Section 1B1.10(b)(1) of the Sentencing Guidelines provides that, in determining whether a reduction of a term of imprisonment under § 3582(c)(2) is warranted, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] to the guidelines . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

Here, the district court substantially complied with the requirements of § 3582(c)(2) and § 1B1.10(b)(1). Although the district court order did not explicitly set forth the amended Guidelines range that would have been applicable, it is clear from the order and the record that the district court was aware of, and considered, the amended range. *Cf. United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (noting that, while the district court must satisfy this Court that it has "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority[,] . . .what is adequate to fulfill these purposes necessarily depends on the circumstances" (internal quotation marks, citation, and alteration omitted)). Therefore, "in the absence of record evidence suggesting otherwise," this Court may presume that the district court determined and considered the amended Guidelines range. *Cf. United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) (discussing section 3553(a) factors).

2

Moreover, the district court articulated its reasons for denying Graham's request under § 3582(c)(2), noting that Graham had received substantial benefits by accepting the plea agreement. The district court also—in compliance with § 3582(c)(2)—explained that it had considered "all the factors under 18 U.S.C. § 3553(a)," including the fact that Graham had "several prior drug convictions and yet continued to engage in the conduct" that led to his conviction in the instant case, and the drug quantity in this case. *See Cavera*, 550 F.3d at 193 (noting that this Court "do[es] not require robotic incantations that the district court has considered each of the § 3553(a) factors" (internal quotation marks omitted)). Therefore, we conclude that the district court did not abuse its discretion in denying Graham's § 3582(c)(2) motion.

We have considered Graham's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3