15-100
*United States v. Lombardo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
　　　　　　RICHARD C. WESLEY,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

　　　　　　　　　　*Appellee*,

　　　　-v.-　　　　　　　　　　　　　　　No. 15-100

NEIL LOMBARDO,

　　　　　　　　　　*Defendant-Appellant.*\*

_____

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR APPELLANT:       Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:         Emily Berger, Assistant United States Attorney (Allon Lifshitz, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Neil Lombardo appeals from a January 6, 2015 order entered in the United States District Court for the Eastern District of New York denying Lombardo's motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Lombardo entered into a plea agreement on April 11, 2013, stipulating to an advisory range of imprisonment under the United States Sentencing Guidelines of 168 to 210 months. The District Court sentenced Lombardo to a 168-month term of imprisonment on August 16, 2013, and entered a judgment of

2

conviction on August 27, 2013. With the passage of Amendment 782 to the Guidelines, the District Court ordered the Government on November 7, 2014, to show cause why Lombardo should not be granted a sentencing reduction pursuant to 18 U.S.C. § 3582(c). The parties briefed the issue. The Government argued that Lombardo was ineligible for a reduction on various grounds but that, even if he were eligible, a reduction would be inappropriate in light of his criminal history. Lombardo responded that he was eligible and sought a reduction from 168 months to 140 months.

On January 6, 2015, the District Court denied Lombardo's motion for a sentencing reduction, ruling in relevant part that, even assuming Lombardo were eligible, "upon [the court's] review of the file, and especially of Mr. Lombardi's [sic] rich criminal history, [the court has] concluded that any such reduction would not be warranted. The quantity of drugs involved in the offense of conviction played a negligible role in [the court's] decision to sentence Lombardi [sic] at the lower end of the negotiated range, and thus in [the court's] view the retroactive amendment has virtually no bearing on the appropriate punishment." App'x 75.

We review the District Court's decision to deny a Section 3582(c)(2) motion for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Because such a decision is committed to the trial court's discretion, this Court "will interfere only if the record reveals a palpable abuse of that discretion." *Id*. "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id*. (citation omitted). Based upon our review of the record and the arguments of counsel, we conclude that the District Court did not abuse its discretion in declining to reduce Lombardo's sentence.

We have considered all of Lombardo's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4