United States v. Forbes

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         BARRINGTON D. PARKER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
         Appellee,

         -v.-                                    15-4064

Dennis Forbes,
         Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - -X

---

\*       The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

1

**FOR APPELLANT:**     Marybeth Covert, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

**FOR APPELLEE:**     Frank T. Pimentel, Joseph J. Karaszewski, Assistant United States Attorneys, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Dennis Forbes challenges the denial of his motion pursuant to 18 U.S.C. § 3582(c) seeking a reduction of sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Forbes was convicted of participation in a drug-distribution conspiracy and of using a minor to participate in that conspiracy, in violation of 21 U.S.C. §§ 846 and 861(a)(1). At trial, an officer recounted an interview in which Forbes allegedly confessed to involvement in a homicide. That testimony was cited in three paragraphs of the Presentence Investigation Report. Forbes objected to one of those paragraphs on the basis that it characterized the decedent as a victim in the overall conduct of the convicted offense, but the district court declined to resolve the objection because it would not affect Forbes's sentence. The Sentencing Guidelines range was life, and the district court accordingly imposed a life sentence.

This Court affirmed his conviction, but the Supreme Court granted a petition for a writ of certiorari and vacated the judgment in light of United States v. Booker, 543 U.S. 220 (2005), which had been decided two weeks earlier. See Forbes v. United States, 543 U.S. 1100 (2005). This Court remanded to the district court for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). On remand, the district court found the Guidelines sentence appropriate and

declined to resentence Forbes.  Forbes appealed, and this Court once again affirmed the judgment of the district court.

The United States Sentencing Commission subsequently adopted Amendment 782 to the Sentencing Guidelines, which reduced the offense levels assigned to drug quantities.  Forbes filed a § 3582(c) motion seeking to reduce his sentence under the new sentencing range. It is uncontested that the amendment applies to Forbes, and that the newly applicable sentencing range is 360 months to life.  The district court denied the motion without a hearing, finding a reduction unwarranted in light of "the underlying offenses (which included the use of a minor to distribute drugs), the involvement in a murder and all the sentencing factors set forth in 18 U.S.C. § 3553(a) . . . ." J.A. 143.  Forbes appeals from that denial.

We review the denial of a § 3582(c) motion for abuse of discretion.  United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009).  A district court abuses its discretion "if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions."  Id. (quotation marks omitted).

We conclude that the district court's denial of Forbes's § 3582(c) motion was not an abuse of discretion.  The sentence that the district judge first imposed, and has now twice reconsidered, remains within the amended Guidelines range; and the district judge has again found that it is the appropriate sentence in light of the sentencing factors articulated at 18 U.S.C. § 3553.

Forbes argues that the denial of his motion was an abuse of discretion because the denial refers to his "involvement in a murder" and because the district judge had declined to resolve Forbes's objection to a paragraph of the Presentence Investigation Report pertaining to the homicide.  There is no abuse of discretion.  Forbes's involvement in the homicide was a subject of evidence adduced at trial over which the district judge presided.  Forbes additionally had the opportunity to be heard on the issue at his sentencing.  The district judge's conclusion that the Guidelines sentence he imposed remains appropriate, and that no additional hearing would alter that conclusion, was within the range of permissible decisions.

3

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK