19-3437-cr
*United States v. Moore*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

Present:

> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                         No. 19-3437-cr

CHRISTOPHER MOORE,

    *Defendant-Appellant*,

DANIEL GLADDEN, AKA RAZ, AKA RAZ GLADDEN, AKA NOODLES, AKA NOODLES GLADDEN,

    *Defendant*.[1]

---

[1] The Clerk of Court is directed to amend the caption to conform to the above.

For Defendant-Appellant:                    EDWARD S. ZAS, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY.

For Appellee:                    DAVID C. PITLUCK, Assistant United States Attorney (Samuel P. Nitze, Assistant United States Attorney, *on the brief*), *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case **REMANDED** for further proceedings consistent with this Court's order.

Defendant-Appellant Christopher Moore appeals from an order entered on October 17, 2019, in the United States District Court for the Eastern District of New York (Garaufis, *J.*) denying, first, Moore's motion for reconsideration of an earlier decision granting only a partial reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and, second, Moore's motion for a further sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to vacate and remand.

In 1993, a jury convicted Moore, then 31 years old, of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of possession

2

of firearms with obliterated serial numbers in violation of 18 U.S.C. §§ 922(k) and 924(a)(1), and one count of possession of firearms during the commission of the above-noted crack conspiracy in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Moore to life imprisonment on the drug conspiracy conviction, and a consecutive 60-month sentence on the § 924(c) firearm conviction.[2] Nearly fifteen years after the sentencing, in 2008, Moore petitioned the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 706, which in 2007 had retroactively reduced the U.S.S.G. range applicable to Moore's offense conduct under the crack conspiracy count from a term of life imprisonment to a range of 360 months to life. In 2009, the district court granted the motion and reduced Moore's sentence on the crack conspiracy count to 360 months. The district court did not (and could not), however, alter the consecutive 60-month sentence on the § 924(c) count, thus leaving Moore subject to a total sentence of 420 months of incarceration.

In 2014, Moore moved for another sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and then-recently effective U.S.S.G. Amendments 782 and 788, which further reduced the base offense levels applicable to crimes involving crack cocaine, lowering the U.S.S.G. range applicable to Moore's offense conduct under the crack conspiracy count to 292 to 365 months. The district court granted the motion in part, reducing Moore's sentence on the drug conspiracy charge to 324 months (thus, with the 60-month consecutive firearms sentence, a total sentence of 384 months). It declined, however, to grant Moore's request to reduce the drug conspiracy sentence even further.

---

[2] On the other counts, the district court imposed sentences of imprisonment to run concurrently with the lifetime sentence on the drug conspiracy count.

3

Moore sought reconsideration of that decision. Meanwhile, Congress passed the First Step Act, which effectively lowered the mandatory minimum sentence applicable to Moore's drug conspiracy conviction from ten years to five years and lowered the applicable maximum sentence for that crime from life imprisonment to 40 years. *See* First Step Act § 404(b), 132 Stat. at 5222. Upon that development, Moore renewed his motion for reconsideration and also moved under § 404(b) of the First Step Act for a reduction in his sentence on the conspiracy count from 324 to 292 months. In an order dated October 17, 2019, the district court denied both motions. Weighing the evidence of Moore's rehabilitation against the seriousness of his offense, the district court declined to reduce the 324-month sentence further. In its written decision, the court stated that an "overall term of imprisonment" of 324 months was "sufficient, but not greater than necessary" to promote the purposes of sentencing. App'x 121, 123. Moore timely appealed.

We review for abuse of discretion the district court's decision to adjust, or not adjust, a sentence. *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.*[3] *See also United States v. Jonathan T. Moore*, 975 F.3d 84, 88 (2d Cir. 2020) (applying abuse of discretion review to determination of First Step Act motion).

Moore argues that the district court abused its discretion in 2019 when it denied reconsideration of his motion for sentence reduction because (in his view) it based its decision on an erroneous understanding of his total sentence: that is, that in addition to the 324-month sentence for drug conspiracy, the district court's statements suggest that the court overlooked that Moore

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

was also subject to a consecutive 60-month sentence for his § 924(c) conviction. In making this argument, Moore points to the district court's description, on two occasions in its 2019 order, of Moore's 324-month crack conspiracy sentence as Moore's "overall term of imprisonment." App'x 121, 123; *see also id.* at 122 ("[T]his information does not alter the court's determination that 324 months is an appropriate term of imprisonment . . . .").

In light of the significant consequences that this potential confusion has for Moore's ultimate period of incarceration and the district court's analysis of Moore's motions, we vacate the district court's 2019 order and remand this case pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for further proceedings consistent herewith.

If the district court did not base its 2019 order denying reconsideration and a further reduction of Moore's sentence under § 404(b) of the First Step Act on an oversight or misunderstanding about the actual "overall term" of Moore's sentence (with the 60-month consecutive term, amounting to 384 months), the district court need not reevaluate Moore's motions and should reenter its order, allowing Moore's sentence to stand at 324 months' imprisonment for the drug conspiracy conviction, to be followed by 60 months on the § 924(c) firearm conviction. If the district court did mistake Moore's overall term of imprisonment to be 324 months, however, it should reevaluate Moore's motions and reconsider its prior ruling.

For the foregoing reasons, the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent herewith. At the close of those proceedings, either party may restore our court's jurisdiction by letter to the Clerk pursuant to the procedure outlined in *Jacobson*, 15 F.3d at 22. Any further appeal shall be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5