20-3809-cr
*United States v. Batista*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-one.

PRESENT:
>    GERARD E. LYNCH,
>    JOSEPH F. BIANCO,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

---

United States of America,

>        *Appellee*,

>    v.                                                        20-3809-cr

Yasmil Fertides, AKA Little Half, Milton
Chardon, AKA Blanquito, Christian Pabon,
AKA Banga, Bryan Castillo, AKA True, George
Citronelle, Jeremy Estevez, AKA Jerm Racks,
AKA Jeremy Esteves, Noel Martinez, AKA
Crazy, Domingo Tolentino, AKA Juvi, Juan
Calderon, AKA Priva,

>        *Defendants*,

Samantha Batista,

>        *Defendant-Appellant.*

---

**FOR APPELLEE:** Maurene Comey, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** Glenn A. Garber, Glenn A. Garber, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Samantha Batista appeals from an October 19, 2020 order of the United States District Court for the Southern District of New York, denying her motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). On September 5, 2019, Batista pled guilty to one count of using, carrying, and possessing a firearm, which was brandished, during, in relation to, and in furtherance of a robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) and 2. Subsequently, on January 16, 2020, the district court sentenced Batista to the mandatory minimum sentence of 84 months' imprisonment followed by three years of supervised release.

On August 28, 2020, Batista moved, *pro se*, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), while serving her sentence at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). Batista argued that she was at higher risk of contracting COVID-19 and experiencing severe illness or death from COVID-19 due to FCI Danbury's inadequate response to the ongoing pandemic, as well as due to her medical conditions, which include obesity,

2

asthma, and a history of smoking. She also detailed her efforts at rehabilitation while incarcerated and recounted her negative experiences at FCI Danbury during the pandemic. The district court denied Batista's motion, reasoning that she had not shown extraordinary and compelling reasons sufficient to warrant her release in light of its consideration of the factors under 18 U.S.C. § 3553(a). Now represented by counsel, Batista argues that the district court abused its discretion in denying her motion. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments on appeal to which we refer only as necessary to explain our decision to affirm.

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). We have emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned

3

exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Here, the district court did not abuse its discretion in denying Batista's motion for compassionate release. The district court recognized that Batista's body mass index placed her at an increased risk of severe illness if she contracted COVID-19, and that her status as a former smoker may do the same. The district court also considered the other circumstances that Batista highlighted concerning her conditions of confinement during the COVID-19 pandemic and FCI Danbury's response to the pandemic. The district court nevertheless concluded that Batista's reasons for release were outweighed by consideration of the various Section 3553(a) factors. Specifically, the district court, referencing the transcript of the original sentencing proceeding, recounted the serious nature of Batista's crime, in which she, as an associate of the "200" drug trafficking organization, served as the driver during an "extremely violent home-invasion robbery . . . [that] caused severe, life-threatening injuries to the victims, who will likely continue to suffer from injuries for years to come." Joint App'x at 160 (citation omitted). In addition, the district court emphasized the "punishment and deterrence considerations" of the 84-month sentence, of which she had served approximately 25 months. Joint App'x at 162–64. The district court also considered the need to avoid unwarranted sentencing disparities among similarly situated defendants and noted that one of Batista's co-defendants had received the same 84-month sentence for participating in the same home invasion. Joint App'x at 161–62. The district court further explained that, as a 28-year-old, Batista faced a lower risk of hospitalization or death should she contract COVID-19, and, in any event, the virus infection rates at FCI Danbury had steadily improved.

4

Batista argues that the district court abused its discretion by focusing too intently on the seriousness of her offense while failing to give sufficient weight to her personal circumstances, including her comparably limited role in the robbery as the driver, her traumatizing experiences while incarcerated, and her personal background, such as her difficult childhood, history of substance abuse and depression, and family caretaking responsibilities as a mother. However, Batista's disagreement with the district court's weighing of certain Section 3553(a) factors does not establish an abuse of discretion. *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) ("[T]he weight to be given any § 3553(a) factor[] is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (internal quotation marks and citation omitted and second alteration in original)).

In sum, the district court's determination after balancing the relevant Section 3553(a) factors was well "within the range of permissible decisions," *Borden*, 564 F.3d at 104 (internal quotation marks omitted), and thus we find no basis to disturb the reasoned exercise of its discretion in finding that Batista failed to demonstrate exceptional and compelling reasons sufficient to warrant a compassionate release.

*      *      *

We have reviewed Batista's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court