21-261-cr
*United States v. Levon Sturgis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.
BETH ROBINSON,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*                    21-261-cr

    v.

LEVON STURGIS, AKA MAN,

    *Defendant-Appellant,*

ALBERT L. STURGIS, JAMES A. WIGGINS, KENNETH C. SMITH, AKA MEATBALL, AKA MEAT, SAMUEL OLIVER, HUBART SIRMONS, AKA LUCKY, AKA PAUL, CHEMIRE FULLILOVE, AKA BLESSED, AKA BLESS, ANTHONY THOMAS, AKA ANT, JOSHUA GROAT, AKA WHITE BOY, KENNETH WORTH, ROBIN MATTHEWS, AKA ROBIN BELL-MATTHEWS, FRED ALLISON,

    *Defendants.*[*]

---

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR APPELLEE:**                    Katherine A. Gregory, Assistant United
                                     States Attorney, *for* James P. Kennedy, Jr.,
                                     United States Attorney for the Western
                                     District of New York, Buffalo, NY

**FOR DEFENDANT-APPELLANT:**         Levon Sturgis, *pro se*, Joint Base MDL, NJ

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 24, 2020 order of the District Court be and hereby is **AFFIRMED.**[1]

In 2012, Levon Sturgis ("Sturgis") pleaded guilty to a narcotics conspiracy and was sentenced to 240 months' imprisonment. In 2020, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The District Court denied the motion, reasoning that Sturgis had not shown extraordinary and compelling reasons and that the 18 U.S.C. § 3553(a) factors weighed against early release. Sturgis appeals, proceeding *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

---

[1] Sturgis technically appealed the order the District Court filed on November 23, 2020, *see* D. Ct. Dkt. No. 673, but that order contained a typographical error (concluding that the Section 3553(a) factors *did*, rather than *did not*, warrant a grant of compassionate release). *See* Sp. App'x 13. The November 24, 2020 order corrects that error but is otherwise the same.

Section 3582(c)(1)(A)(i) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in [S]ection 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction."

Even assuming that the COVID-19 pandemic constituted an extraordinary and compelling reason, the District Court did not abuse its discretion by denying a sentence reduction. The District Court concluded that the § 3553(a) factors weighed against release, emphasizing that Sturgis had committed the instant offense while on parole from an earlier drug felony conviction and noting that reducing his sentence would not reflect the seriousness of his offense, promote respect for the law, or protect the public from his future crimes. The District Court's reasonable evaluation of the § 3553(a) factors provided an adequate independent basis for its decision. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam).

Sturgis primarily argues that the District Court abused its discretion by ignoring the impact of the pandemic on the § 3553(a) factors and failing to recognize factors weighing in favor of release. But none of the § 3553(a) factors required the District Court to consider the effect of a pandemic on a defendant's sentence or current incarceration conditions. *See* 18 U.S.C. § 3553(a) (listing factors). And we have held that district courts are not required to rebalance the § 3553(a) factors to consider the effect of the COVID-19 pandemic. *Jones*, 17 F.4th at 375.

In addition, we accord the greatest deference to the District Court's weighing of each of the § 3553(a) factors. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)). Therefore, the District Court did not abuse its discretion when it concluded that a sentence reduction would not promote respect for the law, provide just punishment, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2).

## CONCLUSION

We have reviewed all of the arguments raised by Sturgis on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 24, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk