16-149-cr
United States v. Bishop

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

             v.                               No. 16-149-cr

PATRICK BISHOP,
                    *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:          MaryBeth Covert, Research & Writing Attorney, *for* Marianne Mariano, Federal Public Defender for the Western District of New York, Buffalo, New York.

FOR APPELLEE:           Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a final order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 6, 2016, is AFFIRMED.

Defendant Patrick Bishop, who is presently serving a 108-month prison term for trafficking cocaine, appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1(c). We review a district court's denial of a sentence reduction to an otherwise eligible defendant for abuse of discretion, *see United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), which we will identify only where the court's ruling rests "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or "cannot be located within the range of permissible decisions," *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In evaluating a motion under § 3582(c)(2), a district court must follow a two-step framework, considering (1) whether a defendant is eligible for relief, and (2) "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). The Supreme Court has made clear that a determination at the second step is within a district court's "discretion" and that whether to reduce an eligible defendant's sentence is to be

decided "under the particular circumstances of the case." *Id.* at 827; *see United States v. Borden*, 564 F.3d at 104. The district court must nevertheless present "at least some minimal statement of reasons for [its] action" to allow for meaningful appellate review. *United States v. Christie*, 736 F.3d 191, 197 (2d Cir. 2013).

The parties agree that Bishop is eligible for a reduction under U.S.S.G. § 2D1.1(c). The district court denied Bishop a reduction because of (1) "the nature of the offense" and Bishop's role as "a major importer of drugs," (2) "the significant reduction" already granted Bishop for cooperation pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) at his initial sentencing,[1] and (3) its consideration of "all the factors under 18 U.S.C. § 3553(a)." J.A. 111. While the district court thus never explicitly stated that Bishop was eligible for a reduction, it implicitly did so by reaching the second step of the sentence-reduction framework and providing a statement of reasons for its denial. *See generally Dillon v. United States*, 560 U.S. at 826–27 (noting that second step involves analysis of § 3553(a) factors and circumstances of case). Accordingly, we identify no abuse of discretion.

In urging otherwise, Bishop argues that the district court relied on a "clearly erroneous assessment of the evidence; specifically, an incorrectly calculated guideline range," Appellant's Br. 21, because, in its denial order, it stated "that the [Presentence Investigation Report ("PSR")] originally calculated the aggregate range as 248 to 295

---

[1] Bishop's initial 108-month sentence was below both his original Guidelines range of 248 to 295 months' imprisonment, and the parties' 11(c)(1)(C) range of 195 to 228 months. It remains below the amended applicable Guideline range of 168 to 195 months.

months," *id.* But that is precisely the range identified by the original PSR, if not the parties' 11(c)(1)(C) agreement. *See generally United States v. Leonard*, 844 F.3d 102, 104–05 (2d Cir. 2016) (concluding that applicable Guidelines range was one calculated by court, not that agreed to by parties in 11(c)(1)(C) agreement). Moreover, while the district court referenced this range in its order denying Bishop's motion, it clearly did not rely upon the PSR-recommended Guidelines range in denying the motion; instead, it looked to "the nature of the offense and the significant reduction already granted for cooperation" as well as "the factors under 18 U.S.C. § 3553(a)." J.A. 111. Insofar as Bishop argues that the district court incorrectly calculated the applicable Guidelines range for purposes of evaluating his eligibility under U.S.S.G. § 1B1.10(a), we need not pursue the matter, as any error would be harmless because the district court clearly recognized that Bishop was eligible for a reduction.[2]

Bishop next argues that the district court abused its discretion in affording insufficient weight to his substantial assistance. But the Guidelines policy statement governing § 3582(c)(2) motions specifically states that, when a defendant has originally received a below-Guidelines sentence due to a government motion reflecting his substantial assistance, "a reduction comparably less than the amended guideline range . . . *may* be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). The court was

---

[2] The parties' 11(c)(1)(C) range of 195 to 228 months' imprisonment assumed that Bishop would receive credit for acceptance of responsibility, which the PSR did not recommend. The government's § 5K1.1 letter requested the equivalent of a 5-level downward adjustment from the agreed-on range based on substantial cooperation, with a sentence at the 108-month bottom of the so-adjusted range.

thus under no obligation to grant a comparable reduction on Bishop's § 3582(c)(2) motion.

Finally, Bishop's argument that the district court insufficiently considered his lack of prior criminal history and disciplinary infractions fails. Section 3582 and U.S.S.G. § 1B1.10 place the weight to be accorded such factors firmly within the discretion of the district court. Moreover, the commentary to § 1B1.10 explicitly states that "[t]he court *may* consider post-sentencing conduct" in determining whether to grant a reduction, U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (emphasis added); it is not required to do so.

We have considered Bishop's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5