19-3437-cr
*United States v. Moore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-one.

Present:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> *Circuit Judges*.[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 19-3437-cr

CHRISTOPHER MOORE,

> *Defendant-Appellant*,

DANIEL GLADDEN, AKA RAZ, AKA RAZ GLADDEN, AKA NOODLES, AKA NOODLES GLADDEN,

> *Defendant*.

_____

[*] The late Circuit Judge Robert A. Katzmann, formerly a member of the panel, died before this summary order was filed. Under 2d Cir. IOP E(b), this appeal is being decided by the remaining members of the panel, who are in agreement.

1

For Appellee:                               David C. Pitluck, Assistant United States Attorney (Samuel P. Nitze, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:            Edward S. Zas, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

On March 1, 2021, we issued a summary order vacating the district court's sentencing order dated October 17, 2019. We remanded the case to allow the district court to address an ambiguity in the sentencing transcript and to clarify its intentions regarding the aggregate length of the prison term that it was imposing on Defendant-Appellant Christopher Moore for his several crimes of conviction. *United States v. Moore*, 845 F. App'x 51, 53-54 (2d Cir. 2021).

In an order dated April 16, 2021, the district court confirmed that it did not earlier overlook the applicability of Moore's separate 60-month sentence when it selected a drug-offense sentence for Moore. *United States v. Moore*, No. 92-CR-200-NGG, Dkt. 538 at 3 (S.D.N.Y. April 16, 2021). As stated in its 2021 order, the district court then "reenter[ed] the terms of the 2019 Order, allowing Mr. Moore's sentence to stand at 324 months' imprisonment for the drug offense, to be followed by 60 months' imprisonment for the firearms offense." *Id.*

Our March 1, 2021 order provided that either Moore or the government could restore our jurisdiction following the district court's entry of a clarifying order. *Moore*, 845 F. App'x at 54

2

(citing *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994)). Moore made such a request. The appeal has therefore been reinstated.

On appeal, Moore again argues that the district court erred in denying his motion for reconsideration of a partial reduction of his sentence under 18 U.S.C. § 3582(c), urging that his 324-month drug-offense sentence is substantively unreasonable. He also renews his appeal of the denial of his motion for sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act"). We assume the parties' familiarity with the remaining underlying facts and procedural history in this case and refer to them only as needed to explain our order affirming the district court's denial of these motions.

Beginning with Moore's motion under 18 U.S.C. § 3582(c)(2), we review for abuse of discretion the district court's decision to deny Moore's full requested sentencing reduction. *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.*[1]

Moore argues that the district court erred by placing inappropriate weight on certain facts in its 18 U.S.C. § 3553(a) analysis. In Moore's view, the district court placed more weight on the serious and violent nature of his 1993 offense conduct than that factor may bear, because the crimes occurred nearly 30 years ago. Moore also posits that the district court placed too little weight on the evidence of his rehabilitation since his conviction. He points to his ongoing contact with his

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

family, his authorship of an educational guidebook for young people, and his improving disciplinary record.

On review for abuse of discretion, we find this argument unpersuasive. Our court will only rarely disturb the district court's weighing of various aggravating and mitigating factors in imposing a sentence: "Generally, if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009). Here, the district court's decision demonstrates that it carefully considered the facts highlighted by Moore and arrived at a reasoned conclusion that a sentence of 324 months on the drug conspiracy count is appropriate under § 3553(a). Moore neither alleges procedural error in the district court's consideration, nor can he demonstrate that the overall sentence imposed by the district court is unreasonable: the 324-month sentence on the conspiracy charge falls within the applicable U.S. Sentencing Guidelines range of 292 to 365 months, and the consecutive 60-month sentence on the § 924(c) charge is the mandatory minimum under the statute. *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). The district court twice before, in written decisions, reduced Moore's sentence, once in 2009 in light of Amendment 706 of the U.S. Sentencing Guidelines, and once in 2015 in light of Amendments 782 and 788 to the Guidelines. We identify no abuse of its discretion in the sentence imposed or in the district court's denial of Moore's motion for reconsideration.

Moving to Moore's First Step Act challenge, we likewise review for abuse of discretion a district court's denial of relief to an eligible defendant. *See United States v. Moore*, 975 F.3d 84, 88 (2d Cir. 2020). Moore advances primarily the same arguments here as he did in the context of his § 3582(c)(2) motion, and these arguments are unpersuasive for the same reasons. In support of

his position, Moore points additionally to several cases in which a defendant serving a sentence for a crack cocaine-related conviction received a sentencing reduction under the First Step Act. *See, e.g.*, *United States v. Martinez*, No. 04-cr-48 (JSR), 2019 WL 2433660 (S.D.N.Y. June 11, 2019). But the First Step Act does not mandate sentence reductions; rather, reductions under its terms are committed to a district court's sound discretion. *See* First Step Act § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *Moore*, 975 F.3d at 89. Moore is not entitled to a First Step Act sentencing reduction simply because certain other defendants received such relief.

We have considered Moore's remaining arguments and find in them no basis for disturbing the district court's decision. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk