21-85-cr
United States v. Hugh Stevens

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand twenty one.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER,
                       *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                    21-85-cr

HUGH STEVENS, AKA HUEY,

                    *Defendant-Appellant*.[1]

---

Appearing for Appellant:     Cheryl Meyers Buth, Orchard Park, N.Y.

Appearing for Appellee:      Tiffany H. Lee, Assistant United States Attorney*, for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Hugh Stevens appeals from the January 6, 2021 order of the United States District Court for the Western District of New York (Skretny, *J.*) denying his motion for reconsideration of the denial of his second motion for compassionate release. Under Section 3582(c)(1)(A), a district court has the power to reduce a sentence upon a defendant's motion "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If it finds these extraordinary and compelling reasons, the district court may reduce the sentence "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). "Denials of motions for reconsideration are reviewed only for abuse of discretion." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (citation omitted).

Stevens raises challenges to the district court's underlying December 18, 2020 denial of compassionate release in his brief on appeal, but the notice of appeal specifically delineates the January 6, 2021 order as the judgment from which he appeals. Federal Rule of Appellate Procedure 3(c)(1) provides that a notice of appeal must: "(A) specify the party or parties taking the appeal"; "(B) designate the judgment, order, or part thereof being appealed"; and "(C) name the court to which the appeal is taken." The Supreme Court has held that "Rule 3's dictates are jurisdictional in nature." *Smith v. Barry,* 502 U.S. 244, 248 (1992). As the notice of appeal designated only the January 6, 2021 order, our jurisdiction is limited to the denial of Stevens's motion for reconsideration.

The sole grounds for Stevens's motion for reconsideration was a different district court's decision to grant a motion for compassionate release of another prisoner in the same facility. As district courts are not bound by the decisions of other district courts, the district court here committed no error in declining to revisit its prior order. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

While we affirm the order appealed from, we note that the government has also requested a vacatur of the underlying denial of compassionate release due to the government's failure to inform the district court that the Department of Justice had changed its view as to what constitutes extraordinary and compelling reasons for release. The government now concedes that Stevens's age and diabetes, coupled with the COVID-19 pandemic, constitute an extraordinary and compelling basis for relief, although the government continues to oppose compassionate release. Accordingly, our affirmance is without prejudice to the government informing the district court of its changed position on extraordinary and compelling circumstances and any further proceedings in the district court regarding the possibility of compassionate release as the district court may deem appropriate. We express no views on the propriety of any further relief on any basis.

Any further appeal concerning the appellant's attempts to obtain compassionate relief will be referred to this panel.

Accordingly, the order of the district court hereby is AFFIRMED. Considering Stevens's impending release and the government's changed position, the mandate in this case shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3