22-1821-cr
United States v. Wang

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-four.

PRESENT:
        EUNICE C. LEE,
        SARAH A. L. MERRIAM,
        MARIA ARAÚJO KAHN,
           *Circuit Judges.*

_____

United States of America,

        *Appellee*,

        v.                                      22-1821

Yong Wang,

        *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:        Yong Wang, *pro se*, Big Spring, TX.


FOR APPELLEE:        Matthew J. King, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the

Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Paul G. Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying compassionate release is **AFFIRMED**.

In 2013, Appellant Yong Wang pleaded guilty to advertising child pornography in violation of 18 U.S.C. § 2251(d)(1), and in 2014 he was sentenced to 210 months' imprisonment. In 2021, Wang moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that his family needed him to provide care, that he had been rehabilitated in prison, and that, despite his counsel's advice, he had been unaware at the time of his offense that his conduct was illegal. The district court denied relief, reasoning that the § 3553(a) factors weighed against release because Wang's crime was serious, he remained a danger to the community, and principles of general deterrence counseled against release. He had also not shown extraordinary and compelling reasons that would justify a reduction in his sentence. Wang appealed.

We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion . . .." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). A district court abuses its discretion if its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or if it "cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*,

2

534 F.3d 117, 132 (2d Cir. 2008)). Because a defendant cannot obtain compassionate release without both extraordinary and compelling circumstances *and* a favorable assessment of the § 3553(a) sentencing factors, *see* 18 U.S.C. § 3582(c)(1)(A), a failure on either requires us to affirm. *See Halvon*, 26 F.4th at 571. Wang's primary argument on appeal is that the court failed to fully account for his parents' caretaking needs. But that argument goes to extraordinary and compelling circumstances, not the § 3553(a) factors. Even if, in light of Wang's *pro se* status, we were to excuse his forfeiture of his challenge to the district court's reliance on the § 3553(a) factors, *LoSacco v. City of Middletow*n, 71 F.3d 88, 92–93 (2d Cir. 1995), we would conclude on the merits that the district court did not abuse its discretion in deciding that they weighed against relief. Wang's crime—advertising child pornography in violation of 18 U.S.C. § 2251(d)(1)—was serious. The district court reasoned that his sentence was needed to reflect the severity of his conduct, to deter others, and to protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The district court's reasonable assessment of the § 3553(a) factors is enough to affirm here. *See Halvon*, 26 F.4th at 571. Thus, on this record, the district court did not abuse its discretion in declining to reduce Wang's sentence. *See Borden*, 564 F.3d at 104. We have considered Wang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3