25-2157-cr
*United States v. Bishop*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty-six.

Present:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> EUNICE C. LEE,
> > *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      No. 25-2157-cr

RONALD BISHOP,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | MEREDITH A. ARFA, Amy Busa, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | JOSEPH W. RYAN, JR., Huntington, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ronald Bishop appeals from a July 31, 2025 order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).   On appeal, Bishop argues that (1) the district court committed plain error by allowing his federal sentence to run consecutively, rather than concurrently, to his then-undischarged state sentence, and (2) the district court erred by denying his motion for sentence reduction.

## BACKGROUND

In July 2014, Bishop was arrested and charged in Nassau County with several felonies related to possession and sale of crack cocaine (the "State Case").   While on pretrial release, Bishop was arrested again in January 2016 on charges that later formed the basis of a federal case: possession of crack cocaine with the intent to distribute; and unlawful possession of ten illegal firearms, numerous boxes and bags containing various types of ammunition, and several high-capacity ammunition feeding devices (the "Federal Case").   Before the Federal Case had progressed to indictment, Bishop was convicted of the charges in the State Case in July 2016.   In September 2016, a grand jury in the Eastern District of New York returned an indictment charging Bishop in the Federal Case with (1) conspiracy to distribute substances containing cocaine base (28 grams or more) and heroin, in or about and between January 2014 and July 2016, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 841(b)(1)(C) (Count One); (2) possession with intent

2

to distribute a substance containing cocaine, on or about January 21, 2016, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count Two); (3) the unlawful possession of firearms, on or about January 21, 2016, during and in relation to one or more drug trafficking crimes—to wit, the crimes charged in Counts One and Two—in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and (4) being a felon in possession of a firearm, on or about January 21, 2016, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four).

In July 2018, while the sentencing in the State Case remained pending, Bishop pleaded guilty in the Federal Case to Counts One and Three of the federal indictment.[1] At the plea hearing, neither the government nor the magistrate judge made any representations regarding whether the federal sentence would run concurrently or consecutively to any state sentence.

In March 2019, the Nassau County court sentenced Bishop in the State Case to an aggregate term of ten years' imprisonment and three years' post-release supervision. Bishop's counsel requested that the sentence run concurrently with the as-yet unimposed federal sentence, but the state court ordered that the term run consecutively to the federal sentence.

Three months later, in June 2019, the district court held Bishop's federal sentencing hearing. The Presentence Report ("PSR") did not address whether the federal sentence would be imposed concurrently or consecutively to the state sentence and did not address U.S.S.G. § 5G1.3(b), but it specified that the conduct underlying the State Case was not treated as "relevant conduct" under the Guidelines for purposes of the Federal Case. Bishop did not object to this aspect of the PSR. In July 2019, the district court imposed a total federal sentence of 120 months'

---

[1] On August 22, 2018, the district court accepted the plea entered before the magistrate judge.

3

imprisonment. Like the PSR, the judgment did not specify whether the sentence would run concurrently or consecutively to the state sentence.

After completing his state sentence, Bishop moved under 18 U.S.C. § 3582(c)(1)(A) for a reduction of his federal sentence to time served. The district court denied the motion, concluding that he had not demonstrated extraordinary and compelling reasons and that the § 3553(a) factors weighed against release. The district court subsequently denied Bishop's motion for reconsideration of the denial of his motion for sentence reduction.

## DISCUSSION

This Court "typically review[s] the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). A court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

Where a defendant forfeits a challenge by "fail[ing] to raise his procedural objections at the time of sentencing," this Court reviews for plain error. *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019); *see also United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007) (holding that unpreserved challenges to a district court's sentencing are reviewed for plain error).

Waiver, unlike forfeiture, is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A defendant waives his challenge on appeal when he makes an "intentional decision not to assert a right." *United States v.*

4

*Williams*, 930 F.3d 44, 64–65 (2d Cir. 2019). Waiver will be found where a party affirmatively tells a court it has no objections in response to a court's request for objections. *See United States v. Agrawal*, 726 F.3d 235, 259 (2d Cir. 2013) ("[A] negative response on the record to a district court['s] invitation to voice objection, does more than forfeit the unraised objection; it waives it."); *accord United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (per curiam).

## I.      Imposition of a Consecutive Sentence

Bishop argues that the district court committed plain error in imposing a consecutive, rather than a concurrent, sentence of imprisonment in contravention of U.S.S.G. § 5G1.3(b) and that consecutive punishment violates the Double Jeopardy Clause. He asserts that § 5G1.3(b) "requires that a concurrent sentence must be imposed when multiple sentences punish the defendant for the same conduct." Appellant's Br. at 2. In response, the government argues that Bishop waived the argument by failing to object to the PSR, which expressly stated that the State Case was not considered relevant conduct to the federal offense, and therefore that § 5G1.3(b)—which applies only when the undischarged sentence results from "relevant conduct"—was inapplicable.[2]

Bishop waived his § 5G1.3(b) challenge to the district court's imposition of a consecutive sentence relative to his State Case by failing to object to the PSR. Both Bishop and his attorney indicated that they had reviewed the PSR during the sentencing hearing, and when asked whether he had any objections to the PSR, Bishop's attorney responded that he had "[n]one other than

---

[2] Section 5G1.3(b) applies when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) . . . ." U.S.S.G. § 5G1.3(b).

previously submitted," referencing an unrelated issue. App'x at 46. This affirmative statement of no objection constitutes waiver. *See Agrawal*, 726 F.3d at 259. As such, Bishop's challenge to the imposition of a consecutive sentence will not be reviewed. *See United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995) ("[W]aiver necessarily extinguishes the claim altogether.").

Additionally, the Court has considered and rejects Bishop's Double Jeopardy argument. The Double Jeopardy Clause "protects persons from being punished twice for a single criminal offense." *Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001). However, offenses prosecuted by two different sovereigns, here the State and the Federal Governments, are not "a single criminal offense," and a defendant may be punished for each offense in full without offending the Constitution. *See Gamble v. United States*, 587 U.S. 678, 681–83 (2019) ("[W]here there are two sovereigns, there are two laws, and two 'offences.'"). Because Bishop's state and federal prosecutions were brought by separate sovereigns, the Double Jeopardy Clause does not prohibit the imposition of separate punishments for the same conduct.

## II. Motion for Sentence Reduction

A sentence may be reduced pursuant to a properly filed motion under 18 U.S.C. § 3582(c)(1)(A)(i) when the district court finds that extraordinary and compelling reasons warrant relief and that the applicable § 3553(a) factors support a reduction. *Keitt*, 21 F.4th at 73. A district court may deny the motion for lack of extraordinary and compelling reasons or based on the § 3553(a) factors. *Id*.

6

Here, the district court did not abuse its discretion in denying Bishop's motion for sentence reduction. The district court concluded that the sentencing record did not support Bishop's theory that the sentencing court intended to impose concurrent sentences. Because the PSR and government submission to the sentencing court disclosed the pendency of a state sentence, and the judgment did not order concurrency, the district court's interpretation of that record does not constitute abuse of discretion. Further, the district court did not abuse its discretion in its assessment that the § 3553(a) factors weighed "decidedly against" release because Bishop's federal offense involved narcotics distribution and possession of ten firearms, including assault-style weapons and substantial ammunition. App'x at 72. Protection of the public is an explicit statutory factor under § 3553(a), and the district court did not abuse its discretion in weighing that consideration heavily.

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7